**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 9, 2005[*]
Decided May 9, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3668

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-064-S-01 |
| STEVE A. BETRO, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

**O R D E R**

Police in Portage County, Wisconsin, executed a search warrant at Steve Betro's residence.  The raid yielded methamphetamine, drug paraphernalia, and four firearms.  Betro pleaded guilty to possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 78 months' imprisonment. Betro argues that his sentence is illegal in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  We affirm.

Betro's sentencing hearing took place after the Supreme Court granted certiorari

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), but before the Court issued its decision. The district court recognized the uncertainty surrounding the sentencing guidelines and held:

> [T]he guidelines are not severable and may not be constitutionally applied in this case. Accordingly, the Court imposes a sentence consistent with the provisions of 18 United States Code Section 3553(a) and uses the guidelines calculated by the Probation Office using the November 2003 manual as advisory and a reliable indicator in determining the appropriate sentence within the statutory limit of the count of conviction.

The court said that "without using the guidelines except for perhaps a reliable indicator" it found a range of 63 to 78 months to be "a just and reasonable sentence," and imposed a term at the top of that range. The 63- to 78-month range corresponded with the guideline range recommended by the probation officer in the presentence report.

Betro argues that the district court erred because the sentencing range produced by the guideline calculations was based on several facts neither found by a jury nor admitted by him. But the district court said that it was not basing its sentence on the guideline range. Furthermore, *Booker* does not prevent a sentencing judge from making factual findings that have the effect of increasing the guideline range so long as the court understands that the range is advisory rather than binding. *See United States v. Della Rose*, 403 F.3d 891, 907 (7th Cir. 2005). Here, the district court explicitly treated the guideline range as advisory, and Betro does not argue that the court erred in calculating that range.

Betro does not specifically argue that the sentence imposed by the district court is unreasonable, *see Booker*, 125 S. Ct. at 765, but even if he had, we would find the sentence reasonable. The district court imposed a sentence within the guideline range, and also properly referenced several of the factors in 18 U.S.C. § 3553(a)—Betro's danger to the community, his significant risk of recidivism, his extensive criminal history, and the need to deter him and others from criminal activity—in determining that 78 months was the appropriate sentence. *See United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

AFFIRMED.